**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 06 2007 ★

BROOKLYN OFFICE

JACQUELINE ALVARADO, )
on behalf of herself and all others )
similarly situated, )
)
Plaintiff, )
v. ) No. **07  945**
)
GEM RECOVERY SYSTEMS LLC, )
)
Defendant. ) JURY DEMANDED

GOLD, M.J.

### Class Action Complaint for
### Violations of the Fair Debt Collection Practices Act

Plaintiff Jacqueline Alvarado files this Complaint against Defendant GEM Recovery

Systems LLC ("GEM") for its violations of the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C § 1692 *et seq.*

#### Parties

1.     Plaintiff Alvarado resides within this district.

2.     Alvarado is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in

that the alleged debt the Defendant sought to collect from her is a consumer debt, purportedly

owed to "FLG/HCFM&A – Deajess."

3.     GEM has offices located at 99 Kindermack Rd, Suite 308, Westwood, NJ 07675

but regularly sends collection correspondence into this district.

4.     GEM is regularly engaged, for profit, in the collection of debts allegedly owed by

consumers.

5.     GEM is therefore a "debt collector" as that term is defined by the FDCPA, 15

U.S.C. § 1692a(6).

1

### *Jurisdiction and Venue*

6.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7.     Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.  Venue is also proper in this district since the Defendant can be found, has agents, and transacts business in this district.

### *Factual Allegations*

8.     Sometime in February 2006, on a date better known by Defendant, "FLG/HCFM&A – Deajess" hired GEM to collect an alleged debt from Plaintiff Alvarado.

### *GEM's First Letter (Exhibit A)*

9.     On or about March 2, 2006, GEM's representatives began calling Alvarado in their efforts to collect on the alleged debt.  GEM called Alvarado at both home and work.

10.     On March 15, 2006, GEM attempted to collect an alleged debt from Plaintiff Alvarado by sending her a collection letter.  A copy of the March 15, 2006 letter is attached as Exhibit A.

11.     Alvarado does not believe that she owes or is responsible for the debt.

12.     Alvarado is informed and believes, and on that basis alleges, that Exhibit A is the initial debt collection letter from GEM.

13.     Exhibit A is the first debt collection letter that Alvarado received from GEM.

### *GEM's Second Letter (Exhibit B)*

14.     On or about May 3, 2006, GEM sent Alvarado a second letter, entitled "**NOTICE OF CREDIT IMPAIRMENT**," a copy of which is attached as Exhibit B.

15.     In Exhibit B, GEM advised that:

> DUE TO YOUR LACK OF RESPONSE, YOUR ACCOUNT
> HAS BEEN REPORTED TO TRANS UNION AND EXPERIAN
> NATIONAL CREDIT REPORTING BUREAUS. YOUR
> ABILITY TO OBTAIN A LOAN, MORTGAGE, CREDIT CARD
> OR ANY OTHER TERM CREDIT MAY HAVE ALREADY
> BEEN AFFECTED.

> To restore your credit, remit your payment to Gem Recovery
> Systems so that we may report to the credit bureaus that the debt
> has been paid in full.

> Failure to remit payment will result in continued collection
> proceedings, which may include review by our Attorneys. This
> may result in continued collection proceedings, which may include
> review by our Attorneys. This may result in judgement and
> litigation plus additional legal and court costs that may further
> impair your credit.

16.

### *GEM's Third Letter (Exhibit C)*

17.     On or about May 26, 2006, GEM sent Alvarado a third letter, entitled "**PRE-**

**LEGAL NOTICE,**" a copy of which is attached as Exhibit C.

18.     In Exhibit C, GEM warned that

> YOUR ACCOUNT IS SERIOUSLY PAST DUE. THIS HAS
> BEEN REPORTED TO THE MAJOR CREDIT BUREAUS AND
> IT WILL NOW BE SENT TO OUR ATTORNEY FOR LEGAL
> REVIEW.

> IN THE EVENT THAT LEGAL ACTION IS INSTITUTED YOU
> CAN BE LIABLE FOR COURT COSTS AND ATTORNEY
> FEES IF JUDGEMENT IS ENTERED. IF THE COURTS
> ALLOW, YOUR WAGES CAN BE GARNISHED AND/OR
> YOUR BANK ACCOUNT LEVIED UPON TO PAY ANY
> JUDGEMENT THAT IS ENTERED BY THE COURTS.

> IT IS NOT TOO LATE TO CONTACT OUR OFFICE TO
> SCHEDULE A PAYMENT AGREEMENT. HOWBVER, AN
> INITIAL PAYMENT MUST BE MADE WITHIN 10 DAYS
> AFTER RECEVING THIS NOTICE IN ORDER TO AVOID

NOTIFICATION TO OUR ATTONREY AND POSSIBLE
LEGAL ACTION.

### *Alvarado's Dispute and Cease Communication Letter (Exhibit D)*

19.     On or about June 6, 2006, Alvarado sent Defendant a letter requesting verification
of the alleged debt and advising that, aside from providing verification, all communications must
stop. A copy of Alvarado's letter is attached as Exhibit D.

20.     Defendant received the letter on June 12, 2006.

21.     Instead of ceasing communication, Defendant sent back the letter with a stack of
medical documents. *See* Exhibit E, a copy of GEM's letter, without the personal medical
attachments.

22.     Someone named "Fred" wrote on the letter that Alvarado should call him when
she received the package.

23.     In addition to sending the medical documents, GEM continued to call Alvarado
even after receiving her June 6, 2006 letter.

24.     As a result of GEM's collection activities, Alvarado suffered lack of sleep,
anxiety, humiliation, and embarrassment, and it took months before she was able to stop GEM's
incessant communications.

### COUNT I – Class Count
### *Violations of the FDCPA against Defendant GEM Recovery Services LLC Based on Collection Letters in the Form of Exhibits A and B*

25.     Plaintiff hereby restates, realleges, and incorporates herein by reference all
foregoing paragraphs as if set forth fully in this Count.

26.     This Count is brought by Alvarado, individually and on behalf of a Class
consisting of all consumers with New York addresses who: (a) within one year before the filing
of this action; (b) were sent a collection letter by GEM Recovery Systems LLC; (c) in a form

4

materially identical or substantially similar to the form of the letters sent to Plaintiffs and

attached hereto as Exhibits A and B; and (d) the letter was not returned by the postal service as

undelivered.

    27.    Under Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

        (A)    Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

        (B)    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

            i.    The principal questions presented by Exhibit A in this case are: (1) whether the first letter (Exhibit A) sent by GEM violates § 1692g by demanding payment "immediately" under threat of reporting the matter to the credit bureaus; (2) whether the first letter sent by GEM violates § 1692g by failing to provide the required language in the validation notice; (3) whether the first letter sent by GEM violates the FDCPA by falsely representing or implying Defendant was operating as or employed by a credit reporting agency; and (4) in general, whether GEM's use of the letter was false, deceptive, misleading, and an unfair or unconscionable means of collecting or attempting to collect an alleged debt.

            ii.    The principal question presented by Exhibit B in this case is whether Exhibit B sent by GEM violates § 1692c by demanding payment as the only way to restore Plaintiff's credit.

        (C)    The only individual issue is the identification of the consumers who received the letters (i.e. the class members), a matter capable of ministerial determination from GEM's records.

        (D)    Alvarado's claims are typical of those of the class members. All are based on the same facts and legal theories.

        (E)    Alvarado will fairly and adequately represent the class members' interests and have retained counsel experienced in bringing class actions and collection abuse claims.

5

28.     A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual class members would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

29.     If the facts are discovered to be appropriate, Alvarado will seek to certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30.     Collection letters, such as those sent by GEM, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of 15 U.S.C. § 1692g (Exhibit A)*

31.     Section 1692g of the FDCPA requires that a debt collector include a validation notice with, or send it within five (5) days of, the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights in connection with a procedure under which a consumer may dispute a debt, request verification of a debt, or obtain certain information about the creditor within 30 days of an initial communication from a debt collector.

32.     Under federal law, this validation notice must be effectively communicated, and may not be overshadowed, confounded or diluted as seen from the perspective of the "least sophisticated consumer."

33.     Under federal law, this validation notice must provide notice that in the event of a written dispute, verification of the debt will be provided.

6

34.    GEM's collection letter, in the form represented by Exhibit A, does not contain the language required by § 1692g.

35.    GEM's collection letter, in the form represented by Exhibit A, does not contain the language required by § 1692g – that only a written dispute triggers the verification requirement.

36.    By leaving out this key language from its collection letters, consumers are deceived into failing to effectively exercise and preserve their written dispute rights.

37.    GEM's collection letters, in the form represented by Exhibit A, also improperly overshadow the required 30 day validation period by demanding immediate payment within the validation period subject to explicit and false credit-reporting threats.

38.

39.    GEM's violations of § 1692g renders it liable to Alvarado and the members of the Class.

## *Violations of 15 U.S.C. § 1692e and f (Exhibit A)*

40.    Upon information and belief, GEM has no connection to the credit reporting agencies, as it does not operate as a credit reporting agency nor is it employed by a credit reporting agency.

41.    Upon information and belief, GEM's only relation to the credit reporting agencies is as a furnisher of information.

42.    Exhibit A was false, deceptive, misleading and unfair in that it created an impression within Alvarado and the least-sophisticated consumer that GEM was operating as a credit reporting agency or was employed by the credit reporting agencies.

7

43.     Exhibit A was also false, misleading and unfair in that the required
validation/verification information required by 15 U.S.C. § 1692g was printed in a smaller font
than the rest of the letter and had the effect of contradicting, overshadowing and obscuring the
information so as to confuse or make uncertain what the objective least sophisticated consumer's
rights are under the law.

44.     Exhibit A further violated 15 U.S.C. § 1692e and its subsections by claiming that
immediate payment was the only way for Plaintiff and the class members to remove derogatory
information from the consumer credit reports.

### *Violations of 15 U.S.C. §§ 1692e and f (Exhibit B)*

45.     Exhibit B violates § 1692e, e(10), and f by stating that payment will "restore
credit."

46.     Exhibit B also violates § 1692e, e(10), and f and is false, misleading, and unfair
by suggesting that payment is the only option for addressing credit report issues.

47.     At all times pertinent hereto, Defendant was acting by and through its agents,
servants and/or employees, who were acting within the scope and course of their employment,
and under the direct supervision and control of the Defendant herein.

48.     At all times pertinent hereto, the conduct of Defendant as well as its agents,
servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton
disregard for federal and state law and the rights of the Plaintiff herein.

49.     Defendant knew or should have known that the form of Exhibits A and B violated
the FDCPA. Defendant could have taken the steps necessary to bring its letters within
compliance with the FDCPA, but neglected to do so and failed to adequately review its letters to
insure compliance with said laws.

WHEREFORE, Plaintiff requests that this Court grant the following relief in her favor, and on behalf of the Class, against GEM Recovery Systems LLC:

(A)    Statutory damages as provided by § 1692k of the FDCPA;

(B)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C)    A declaration that GEM's form letter, represented by Exhibit A, violates the FDCPA; and

(D)    Any other relief this Court deems appropriate and just.

## COUNT II – Individual Count
### *Violations of the FDCPA against Defendant GEM Recovery Services LLC*

50.    Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

51.    Defendant violated § 1692g(a)(2) in its March 15, 2006 letter to Alvarado by failing to clearly name the name of the creditor to whom the alleged debt is owed, the terms "FLG/HCFM&A – Deajess" being incomprehensible.

52.    Defendant violated § 1692(c) when it failed to cease communications with Plaintiff, despite receiving her June 6, 2006 letter.

53.    Defendant violated § 1692e, e(4), and e(5) in its May 3, 2006 and May 26, 2006 letters by threatening immediate legal action when it had no present intention to sue Alvarado. In fact, in the nine months since the letters were sent, Alvarado has not been sued.

54.    As a result of the Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, loss of out-of-pocket mailing expenses, and physical, emotional and mental pain and anguish.

WHEREFORE, Plaintiff requests that this Court grant the following relief in her favor,

against GEM Recovery Systems LLC:

- (A)   Statutory damages as provided by § 1692k of the FDCPA;

- (B)   Actual damages in an amount to be proven at trial;

- (C)   Attorneys' fees, litigation expenses and costs incurred in bringing this action; and

- (D)   Any other relief this Court deems appropriate and just.

### Demand for Jury Trial

Please take notice that Plaintiff demands trial by jury in this action

Dated:     New York, New York
           March 6, 2007

Respectfully submitted,

BROMBERG LAW OFFICE, P.C.

By: _____

Brian L. Bromberg (BLB: 6264)
One of Plaintiff's Attorneys

Attorneys for Plaintiff
Brian L. Bromberg (BLB - 6264)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

*Lance A. Raphael (LAR - 3625)
Stacy M. Bardo (SMB - 4426)
Attorneys at Law
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808

* Chicago counsel will move for *pro hac vice* admission shortly after the case is assigned to a judge, the complaint is served, and the Defendant appears.

# Exhibit A

**P.O. Box 85**
**Emerson, NJ 07630-0085**

*Gem Recovery Systems* is a member of:

Phone (201) 722-8780 Fax (201) 722-1021

TransUnion.    **experían** 

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*AUTO\*\*MIXED AADC 065
JACQUELINE ALVARADO   13205- 214827-1
2940 W 31ST ST
BROOKLYN, NY 11224-1710

Date: March 15, 2006
Gem Account No. : 13205-214827-1
Client:  **FLG/HCFM&A - Deajess**
Client Reference No.:  9704
Date of Service: 10/3/2001
Balance Due: $3,544.84

Dear JACQUELINE ALVARADO:

## CREDIT REPORTING NOTICE

CONTINUED NONPAYMENT OF THIS ACCOUNT HAS RESULTED IN ITS BEING SCHEDULED FOR REFERRAL TO TRANS UNION AND EXPERIAN CREDIT BUREAUS WHICH MAY IMPAIR YOUR CREDIT RATING AND YOUR ABILITY TO OBTAIN CREDIT IN THE FUTURE.

It is most important that you remit payment immediately before your past due account is added to your credit record and can impair your credit rating. Once the derogatory reporting is listed on your credit report it is difficult to have it removed.

To prevent the above derogatory information from being reported, and further proceedings with our Attorneys, remit your payment to Gem Recovery Systems.

To contact us, call 201-722-8780.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF WE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY US, WE WILL OBTAIN VERIFICATION OF THE DEBT OR THE JUDGEMENT AND MAIL YOU A COPY. IF YOU REQUEST IN WRITING WITHIN 30 DAYS WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

===============PLEASE DETACH AT PERFORATION AND RETURN WITH YOUR PAYMENT================

If paying by check, please make checks payable to **GEM RECOVERY SYSTEMS** and write your Gem Account Number in the memo line. Please return any correspondence or payment, where appropriate, to us using the enclosed courtesy return envelope. Ensure that the return address is visible in the window of the envelope. Note that the United States Postal Service will not accept mail without postage applied. Thank you.

Gem Acct No.: 214827-1
Client: FLG/HCFM&A - Deajess
Client Reference No.: 9704
Client ID: 13205

Please
return to:

**Gem Recovery Systems**
PO BOX 85
EMERSON NJ 07630-0085

**Amount Due:**
**$3,544.84**

Name: Jacqueline Alvarado
Series letterd List: 12/29/2005

# Exhibit B

**P.O. Box 85**
**Emerson, NJ 07630-0085**

*Gem Recovery Systems* is a member of:

Phone (201) 722-8780  Fax (201) 722-1021

TransUnion.

experían

*************AUTO**MIXED AADC 085
JACQUELINE ALVARADO  13205- 214827-1
2940 W 31ST ST
BROOKLYN, NY 11224-1710

Date: May 3, 2006
Gem Account No. : 13205-214827-1
Client: FLG/HCFM&A - Deajess
Client Reference No.: 9704
Date of Service: 10/3/2001
Balance Due: $3,544.84

Dear JACQUELINE ALVARADO:

## NOTICE OF CREDIT IMPAIRMENT

DUE TO YOUR LACK OF RESPONSE, YOUR ACCOUNT HAS BEEN REPORTED TO TRANS UNION AND
EXPERIAN NATIONAL CREDIT REPORTING BUREAUS.  YOUR ABILITY TO OBTAIN A LOAN, MORTGAGE,
CREDIT CARD OR ANY OTHER TERM CREDIT MAY HAVE ALREADY BEEN AFFECTED.

To restore your credit, remit your payment to Gem Recovery Systems so that we may report to the credit
bureaus that the debt has been paid in full.

Failure to remit payment will result in continued collection proceedings, which may include review by our
Attorneys. This may result in judgement and litigation plus additional legal and court costs that may further
impair your credit.

To contact us, call 201-722-8780.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT
OR ANY PORTION THEREOF WE WILL ASSUME THE DEBT IS VALID.  IF YOU NOTIFY US, WE WILL OBTAIN VERIFICATION OF THE
DEBT OR THE JUDGEMENT AND MAIL YOU A COPY.  IF YOU REQUEST IN WRITING WITHIN 30 DAYS WE WILL PROVIDE YOU WITH
THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

==============PLEASE DETACH AT PERFORATION AND RETURN WITH YOUR PAYMENT================

If paying by check, please make checks payable to GEM RECOVERY SYSTEMS and write your Gem Account Number in the memo line.
Please return any correspondence or payment, where appropriate, to us using the enclosed courtesy return envelope. Ensure that the
return address is visible in the window of the envelope.  Note that the United States Postal Service will not accept mail without postage
applied.  Thank you.

Gem Acct No.: 214827-1
Client: FLG/HCFM&A - Deajess
Client Reference No.: 9704
Client ID: 13205

Please
return to:
➡

**Gem Recovery Systems**
PO BOX 85
EMERSON NJ 07630-0085

**Amount Due:**
$3,544.84

Name: JACQUELINE ALVARADO
Series letters  List: 12/29/2005

9 - 1523

# Exhibit C

**P.O. Box 85**
**Emerson, NJ 07630-0085**

 *Gem Recovery Systems* is a member of:

Phone (201) 722-8780  Fax (201) 722-1021

TransUnion.     **experian** 

```
***************AUTO**MIXED AADC 085
JACQUELINE ALVARADO  13205- 214827-1
2940 W 31ST ST
BROOKLYN, NY 11224-1710
```

Date: May 26, 2006
Gem Account No. : 13205-214827-1
Client:  FLG/HCFM&A - Deajess
Client Reference No.:  9704
Date of Service: 10/3/2001
Balance Due:  $3,544.84

Dear JACQUELINE ALVARADO:

## PRE-LEGAL NOTICE

YOUR ACCOUNT IS SERIOUSLY PAST DUE. THIS HAS BEEN REPORTED TO THE MAJOR CREDIT BUREAUS AND IT WILL NOW BE SENT TO OUR ATTORNEY FOR LEGAL REVIEW.

IN THE EVENT THAT LEGAL ACTION IS INSTITUTED YOU CAN BE LIABLE FOR COURT COSTS AND ATTORNEY FEES IF JUDGEMENT IS ENTERED. IF THE COURTS ALLOW, YOUR WAGES CAN BE GARNISHED AND/OR YOUR BANK ACCOUNT LEVIED UPON TO PAY ANY JUDGEMENT THAT IS ENTERED BY THE COURTS.

IT IS NOT TOO LATE TO CONTACT OUR OFFICE TO SCHEDULE A PAYMENT AGREEMENT. HOWEVER, AN INITIAL PAYMENT MUST BE MADE WITHIN 10 DAYS AFTER RECEIVING THIS NOTICE IN ORDER TO AVOID NOTIFICATION TO OUR ATTORNEY AND POSSIBLE LEGAL ACTION.

To contact us, call 201-722-8780.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF WE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY US, WE WILL OBTAIN VERIFICATION OF THE DEBT OR THE JUDGEMENT AND MAIL YOU A COPY. IF YOU REQUEST IN WRITING WITHIN 30 DAYS WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

========================PLEASE DETACH AT PERFORATION AND RETURN WITH YOUR PAYMENT========================

If paying by check, please make checks payable to **GEM RECOVERY SYSTEMS** and write your Gem Account Number in the memo line. Please return any correspondence or payment, where appropriate, to us using the enclosed courtesy return envelope. Ensure that the return address is visible in the window of the envelope. Note that the United States Postal Service will not accept mail without postage applied. Thank you.

Gem Acct No.: 214827-1
Client: FLG/HCFM&A - Deajess
Client Reference No.: 9704
Client ID: 13205

Please
return to:
➡

**Amount Due:**
**$3,544.84**

**Gem Recovery Systems**
PO BOX 85
EMERSON NJ 07630-0085

Name: JACQUELINE ALVARADO
Series letter# List: 12/29/2005

# Exhibit D

Jacqueline Alvarado
2940 West 31 St. Apt 7-E
Brooklyn, New York 11224

Date: June 6th, 2006

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
No. 7003 0500 0002 3339 4960
Gem Recovery Systems
P.O. Box 85
Emerson, N.J. 07630-0085

Dear Sir/Madam:

I am writing to you to request that you verify a debt as required by the Fair Debt
Collection Practice Act. You have contacted me concerning a debt with Gem Recovery
Systems, Account Number: (13205-214827-1) and it is that debt that I wish you to verify.
Please send me such verification.

Aside from verification of the debt, **I request that you stop communications to me
about the debt.** The Fair Debt Collection Practice Act, 15 USCA Section 1692c,
requires that you honor this request.

Apart from sending me verification, please do not send or make any other communication
to me regarding this debt. Your cooperation will be appreciated.

Sincerely,

Jacqueline Alvarado

Jacqueline Alvarado

cc: Federal Trade Commission – [Northeast Region]



**Certified Mail Provides:**
- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

*Important Reminders:*
- Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
- Certified Mail is *not* available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a *Return Receipt* may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

IMPORTANT: Save this receipt and present it when making an inquiry. Internet access to delivery information is not available on mail addressed to APOs and FPOs.



'N NY 112

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gem Recovery Systems
P.O. Box 88
Emerson, N J
07630-0085

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
Sam Hnov

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7003 0500 0002 3339 4960

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-15

UNITED STATES POSTAL SERVICE
NNJ METRO P&DC

NJ 076 1
13 JUN 2006 PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4 in this box *

JACQUELINE ALVARADO
2940 West 31ST APT 7E
BROOKLYN, N.Y. 11224

710 C014

 հտհտհ|հ|հ|հ|հ|հ|հ|հ|հ|հ|հ|հ|

# Exhibit E

7003 0500 0002 3339 4960

Jacqueline Alvarado
2940 West 31 St. Apt 7-E
Brooklyn, New York 11224

Date: June 6th, 2006

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
No. 70030500 0002 33394960
Gem Recovery Systems
P.O. Box 85
Emerson, N.J. 07630-0085

Dear Sir/Madam:

I am writing to you to request that you verify a debt as required by the Fair Debt Collection Practice Act. You have contacted me concerning a debt with Gem Recovery Systems, Account Number: (13205-214827-1) and it is that debt that I wish you to verify. Please send me such verification.

Aside from verification of the debt, **I request that you stop communications to me about the debt.** The Fair Debt Collection Practice Act, 15 USCA Section 1692c, requires that you honor this request.

Apart from sending me verification, please do not send or make any other communication to me regarding this debt. Your cooperation will be appreciated.

Sincerely,

*Jacqueline Alvarado*

Jacqueline Alvarado

cc: Federal Trade Commission – [Northeast Region]

*Jacqueline*
*Call me when you receive This Package!*

*Fred @ 201-722-8780*